IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Andrew Marshall McElrath,                )
                                         )
                    Plaintiff,           )
                                         )        Civil Action No. 5:23-cv-133-BHH
v.                                       )
                                         )
Anderson County Detention Center;        )        **ORDER**
Sheriff Chad McBride; Director David     )
Baker; CO Talent; and CO Emory,          )
                                         )
                    Defendants.          )
_____ )

This matter is before the Court upon Plaintiff Andrew Marshall McElrath's ("Plaintiff")

pro se complaint alleging violations of his civil rights. In accordance with 28 U.S.C. §

636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., the matter was referred to a

United States Magistrate Judge for preliminary determinations.

On February 17, 2023, Magistrate Judge Kaymani D. West issued an order notifying

Plaintiff that his complaint was subject to summary dismissal because he failed to allege

sufficient factual allegations to state a claim against the named Defendants, and instructing

Plaintiff to file an amended complaint by March 3, 2023. Plaintiff filed an amended

complaint on March 2, 2023, which the Magistrate Judge reviewed.

After reviewing Plaintiff's amended complaint, the Magistrate Judge issued a report

and recommendation ("Report"), outlining the issues and recommending that the Court

dismiss the matter without leave for further amendment because Plaintiff's amended

complaint fails to cure the deficiencies in his initial complaint that the Magistrate Judge

previously identified. Attached to the Magistrate Judge's Report was a notice advising

Plaintiff of the right to file written objections to the Report within fourteen days of being

served with a copy.  To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because Plaintiff has not filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error.  After review, the Court finds no clear error and agrees with the Magistrate Judge's analysis.  Accordingly, the Court **adopts and incorporates** the Magistrate Judge's Report (ECF No. 37), and the Court **dismisses this action without prejudice**.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 11, 2023
Charleston, South Carolina

2